IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1750-05






CHARLES GONZALEZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 Just because we have upheld the trial court's denial of a motion for change of
venue in numerous cases does not mean that we should do so in this case. The majority
says that the video of the crime is the only thing that distinguishes this case from all the
other cases in which motions for change of venue were denied. And, this sole
distinguishing factor is not enough to convince the majority that the trial court's decision
to deny the motion for change of venue was an abuse of discretion. I disagree. The fact
that the actual crime was shown on the news and that the community was asked to help
identify Appellant and his co-conspirator is more than just a minor distinguishing factor
in this case. I agree with the court of appeals that "what makes this case especially
notorious is that a large number of the public watched a video of Appellant and the co-defendant committing the offense. It cannot be disputed that seeing a video of a person
being robbed and gunned down is markedly different and likely to have a greater
emotional impact on the viewer than reading a newspaper account about the offense and
the police investigation." Gonzalez v. State, 2005 Tex. App. LEXIS 7146 at *14 (Tex.
App.-El Paso 2005).

 The majority points out that there was no evidence of how many times the video
was shown, or how many people had seen news coverage of the crime. However, the
Appellant was prepared to present this evidence, but the State objected, and the trial judge
refused to have another hearing to allow the evidence to be presented. And, Appellant 
submitted a bill of exception which included this information. It is interesting to note that
this information was presented in support of Appellant's co-conspirator's motion for
change of venue, which was granted. 

 The court of appeals used the proper standard in analyzing this case and did not
ignore the trial court's efforts. The court stated that,

 It is clear from the record that the trial court endeavored to select a fair and
impartial jury from the remaining panel members. We also bear in mind
that the trial court was in the unique position of hearing the testimony of the
potential jurors and gauging the sincerity of their responses in light of the
publicity about the case. But the successful qualification of a jury panel is
not the sole criterion in determining whether a defendant is entitled to a
change of venue, since conscious or subconscious juror prejudice can affect
answers obtained on voir dire. Although it was possible to select a jury
whose members were not subject to a challenge for cause, Appellant was
entitled to a change of venue if he could show that there were influences in
the community which could affect the answers on voir dire.


Id. at *15 (citations omitted). The court of appeals determined that there are two things
that distinguish this case from others in which a majority of the venire is familiar with the
case. "First, the nature of the publicity is quite different since potential jurors had the
opportunity to watch a videotape of the actual crime being committed. Second, a large
number of the potential jurors in the instant case could not set aside their opinion. This
strongly indicates that pretrial publicity resulted in actual, identifiable prejudice to
Appellant." Id. at *17. Instead, the majority says that because the media coverage was
accurate and objective, it was not prejudicial or inflammatory. 
 I agree with the holding of the court of appeals that under the unique facts of this
case, there was a high probability of unfairness, making it necessary for the trial court to
grant Appellant's motion to change venue in order to assure a fair and impartial trial.


 Meyers, J.

Filed: May 9,2007

Publish